Michael Jayne 442947
Utah County Jail
3075 N. Main St
Spanish Fork, ut 84660
Pro Se

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

RECEIVED CLERK

AUG 1 8 2025

AUG 1 8 2025   U.S. DISTRICT COURT

GARY P. SERDAR
CLERK OF COURT

BY

DEPUTY CLERK



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

MICHAEL JAYNE
Plaintiff.

V.

UTAH COUNTY et. al.,
Defendants

PLAINTIFFS THIRD MOTION
FOR EMERGENCY PRELIMINARY
INJUNCTION BASED ON
ONGOING OUTRAGEOUS CONDUCT
BY DEFENDANTS

CASE NO. 2:25-CV-245-HCN

HONORABLE: HOWARD C. NIELSON, Jr.

Plaintiff Michael Jayne is a 43 year old, Army veteran with PTSD, Mood disorder, - Recovering from a broken neck, with limited mobility of his left arm and also was diagnosed with Papillary Thyroid cancer in August 2024. His Thyroid was removed December of 2024. Mr. Jayne's disabilities are protected within the meaning

1.

of Title 11 of The Americans with Disabilities Act, The Rehabilitation Act and his civil rights are protected under the first, fourth, fifth, sixth and fourteenth Amendments of The U.S Constitution, enforced under 42 U.S.C § 1983.

Plaintiff is a pretrial detainee held by defendants utah county, Mike Smith, Matthew Higley, Lt. R. Clark, Lt. Killian — at The utah county dail in spanish fork, ut since May 13, 2024 until the present date. on charges he is Innocent of, awaiting Jury Trial.

Mr. Jayne filed numerous claims against The defendants - county of utah, Mike Smith, Matthew Higley, Lt. R. Clark, Lt. Killian - for the continued egregious violations of The Americans with Disabilities Act and RA, as well as - Plaintiffs rights protected by The U.S Constitution.

Namely at issue is defendants flagrant discrimination

exclusion of rights and services provided to all other non-disabled inmates, at the jail, defendants exclude Plantiff and all disabled Inmates from, that have been outlined in his complaint. In direct violation of the ADA and Plantiffs civil rights.

Concerning Plantiffs health and well being defendants County of utah, mike smith, Matthew Higley, Lt. Clark, Logan clark, Kennon Tubbs - have made The decision to deny plantiff his right, to follow up cancer care with his endocrinologist Dr. Nazem in provo, utah. Plantiff was to be seen every 6 months by his specialist and defendants cancelled his 6 month follow up visit, scheduled in June, with no reason or cause, which has denied Plantiff medical care for his disability -

2.

In violation of the ADA and his right to be free from medical deliberate indifference under the fourteenth amendment and free from cruel and unusual punishment. Mr. Jayne seeks an immediate court order, ordering defendants to schedule immediate follow up cancer care with his endocrinologist, that includes follow up blood testing.

Defendants county of utah, Mike smith, matthew Higley, Lt. clark, Lt. Killian, Kennon Tubbs and Logan clark, since Plaintiff has been housed in the utah county Jail, have a strict policy to deny Plaintiff and all inmates at the jail, basic dental care — care if Plaintiff was housed in a state prison or federal prison, he would receive. These defendants collectively have a policy to refuse to provide fillings, crowns, root canals. In fact the

dentist Dr. Garrett stated due to defendants policy, he not only does not have the tools to fix painful dental problems, but is prohibited by the defendants, to provide basic dental care by way of fillings, crowns, root canals and he is only allowed to "pull teeth", or provide tylenol, to plaintiff and all inmates at the jail.

Within the last 2 months plaintiff has been complaining about 3 painful teeth and the dentist Dr. Garrett confirmed, plaintiff has 3 cavities. Yet due to defendants outrageous medically deliberate draconian policy, Mr. Jayne has remained in agonizing pain, due to his dental issues and was in fact told by defendant Kennon Tubbs, "its his fault, he did

not take care of his teeth and seek dental care, while he was not locked up".

Mr. Jayne seeks a order from this court to order the immediate dental care of Mr. Jayne to include providing Mr. Jayne fillings, and crowns or root canals if needed, to relieve his ongoing pain to his 3 teeth.

an July 30, 2025 defendant Lt. R. Clark authorized his subordinate deputies Redd and Archuleta and ordered them to comb and search through all of Mr. Jayne legal research, he was doing on the designated law library computer in the utah county Jail, in violation of his fourth Amendment rights and sixth Amendment rights to effective assistance of counsel.

Mr. Jayne had just made a properly placed attorney client phone call to his appointed criminal attorney J.G Askar and stated he had printed pornographic pictures of women, in his legal work, inside clearly Marked legal envelopes. within minutes on July 30, 2025 Deputy Redd and Deputy Archuleta, after Mr. Jayne said This to his attorney on the phone, pulled him out of his cell and escorted Mr. Jayne to the only place without camera coverage, The attorney client rooms several hundred feet outside of Mr. Jayne's medically assigned unit. The utah County jail has

hundreds of cameras installed in the jail, and the only blind spots are the attorney client rooms and showers. Mr. Jayne was made to wait about 20 so odd minutes.

Deputy Redd and Deputy Archuleta then came into the room and started to questioned Mr. Jayne about his confidential legal research he was doing in assisting his defense attorneys in his case and stated to Jayne - "you put a screen saver banner on the law library computer, stating "Inmate Nick Rossi Rapist" and then attempted to ask Jayne about case law, he allegedly looked up about I

a rapist being killed in a county jail in Los Angeles. Jayne stated he had nothing to say. Deputy Redd then told Jayne he searched his cell and went through his legal work and found a printed out flyer stating "Nick Rossi is a Rapist lying Informant" and stated he found case law printed out about a Rapist being murdered in Los Angeles County jail.

Jayne stated that he did not consent to anyone going through his attorney client privileged envelopes and defense work product. Redd then stated he found pornographic pictures of women in

Jaynes legal work.

Jayne then disresped Deputy Redd verbally for the blantant invasion of The defense camp and, illegal search and seizure of his legal work, legal research and listening to his attorney client phone calls.

Jayne was then violently attacked by Deputy Archuleta and Redd. Archuleta punched Jayne several times. And Jayne was subjected to excessive force and punched, kicked and beat by deputies, at the direction of defedant Lt. Clark.

In a collective effort to cover up the excessive force, Archuleta and Redd wrote falsifhed reports, claiming Jayne

attacked the deputies first and allegedly attempted to gouge deputy Archuletas eye and falsified claiming Jayne had took deputy Archuletas eye glass arm and tried to stab The deputy.

Jayne was hog tied and taken to utah county Jails canyons 1 unit and put in a cell with no elevated bed. A non-ADA compliant cell. Jaynes previous cell had ADA handholds installed for Jayne next to The toilet.

Immediately Jaynes Tablet That he used to call his attorneys, family and friends, included an app for The law library, and an app for self help and app with Radio

was taken permanently without due process.

Additionally Lt. Clark permanently restricted Daynes access to the law library.

More disturbing is an August 11, 2025 Defendants Higley, Lt. Clark have suspended and restricted as punishment for 30 days, Daynes access to use the telephone. Including stating his right to call his attorney, as a pretrial detainee is suspended for 30 days, his right as a pretrial detainee to have visitation with his family is suspended as punishment for 30 days, his right to daily recreation for 1 hour a day is suspended for

30 days.

Defendants state they will provide Jayne a meager 2 showers a week and 1 hour out of his cell a week. Each shower not to exceed 15 minutes.

These sanctions are for the alleged phantom assault, created by defendants subordinates, to cover up the excessive use of force. They subjected Jayne to. Jayne was issued a rules violations report and found guilty of the fabricated assault and these are the illegal outrageous sanctions imposed on Jayne as a pretrial detainee.

Additionally defendant Lt. Clark has suspended Jaynes access to the Computer kiosk for 30 days. This kiosk is to access the grievance system, as the jail allow provides electronic grievances. And Jayne has 2 pending grievances pending surrounding those illegal actions by defendants and he now cannot follow up with the next levels in time. Defendant Clark is also blocking Jaynes access to the Mail kiosk where Jayne must access once a day to see if he has any mail that has been sent to him. No Notice is given

to Jayne in writing he has a letter that was scanned into the computer. So defendant clark has outrageously suspended Jaynes absolute right to have access to his incoming mail, by restricting his access to the kiosk for 30 days.

Jaynes access to his criminal attorneys has now been restricted for 30 days by phone. He is fighting a capital murder case he is Innocent of and talks to his defense lawyers throughout the week. All 3 attorneys are located

in Salt lake city. Defendant Higley and Clark told Jayne "He can write his attorneys", despite Jayne attempting to prepare for an upcoming Preliminary hearing in November 24.

Jayne has been in county jail in California and Texas and been in State and federal prison before. He has never experienced such restrictive punishment, even as a sentenced prisoner. federal Prison allows the absolute unfettered access to counsel and unfettered incoming access to mail and access to grievance system.

Additionally access to outdoor recreation, showers - even in administrative segregation as punishment in Prison is not restricted. Inmates are entitled to shower at least 3 days a-week if not more and are afforded 1 hour of recreation a-day. The constitution guarantees that rights for pretrial detainees should be at least equal to or greater than sentenced Inmates.

Defendants Higley and Lt. Clark are crossing the line into outrageous governmental conduct by

Imposing sanctions that blast the Constitutional guarantees of any pretrial detainee or sentenced inmate.

Defendant Clark is attempting to torture Jayne, with little to no regard to his disabilities or the ADA and disregarded consulting with Jayne's mental health provider Eric Crews or his doctors, to inflict the maximum punishment, that amounts to cruel and unusual punishment.

Defendants Higley, Lt. Clark have no regard for the Constitution of this

18.

this country and Jayne needs this Court to intervene as soon as possible as his health and mental well being is being harmed as a result of defendants misconduct and unconstitutional government overreach.

Jayne respectfully moves this Court to appoint Counsel, as Jaynes access to due process, law Library, Counsel, medical attention has been severly restricted or denied by defendants.

Jayne Moves This Court for an order to stop violating Jaynes rights

under the ADA, Constitution and provide Jayne with adequate medical care, dental care, not to restrict Jaynes access to the phone, particularly to call his lawyers, access to the mail system, access to grieve, access to recreation daily, access to showers to a constitutional standard, and access to all the services provided to non-disabled inmates under the ADA.

Dated: August 12, 2025

Michael
Michael Jayne

I, Michael Jayne declare the following entitled notices is true and correct executed on August 12, 2025

Michael Jayne