THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL JAYNE,<br>Plaintiff,<br><br>v.<br><br>COUNTY OF UTAH *et al.*,<br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO AMEND FIRST AMENDED COMPLAINT**<br><br>Case No. 2:25-CV-245-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

The Plaintiff, Michael Jayne, filed a First Amended Complaint in this action on February 2, 2026. Mr. Jayne moves to name various defendants in only their individual—not their official—capacities. *See* Dkt. No. 20. He also moves to "dismiss" various defendants. *See* Dkt. Nos. 22, 23. The court construes these motions as motions to amend the Amended Complaint.

A "permissive standard" applies to *pro se* prisoner pleadings, so courts should freely give leave to amend to remedy defects "potentially attributable to [the plaintiff's] ignorance of federal law and motion practice." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). Courts need not grant leave to amend if any amended claims would be subject to immediate dismissal under Federal Rule of Civil Procedure 12(b)(6) or 28 U.S.C. § 1915A, however. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004); *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Here, Mr. Jayne's motions to amend reflect an effort to refine his claims based on his understanding of official-capacity suits and his apparent conclusion that certain defendants do not belong in this suit. These motions appear to reflect Mr. Jayne's evolving understanding of

federal law and practice and the contours of his case. Additionally, the court cannot conclude—at least at this juncture—that a complaint with these amendments would be subject to immediate dismissal under Federal Rule of Civil Procedure 12(b)(6) or 28 U.S.C. § 1915A.

The court accordingly **GRANTS** Mr. Jayne's motions to amend his Amended Complaint.

Within 30 days, Mr. Jayne must incorporate into this action any of the changes he requests by filing a single document entitled "Second Amended Complaint" that does not refer to or include any other document.

The Clerk's Office shall mail Mr. Jayne the Pro Se Litigant Guide with a blank-form civil-rights complaint, which he shall use to prepare and submit an amended complaint.

The Second Amended Complaint shall not include any claims outside the dates and allegations of transactions and events contained in the Amended Complaint, filed February 2, 2026. *Id.* The court will not address any such new claims or outside allegations, which will be dismissed. If Mr. Jayne wishes to raise other claims and allegations, he may do so only in a new complaint in a new case. If an amended complaint is filed, the court will screen each claim and defendant for dismissal or service of valid claim(s) upon valid defendant(s). *See* 28 U.S.C.§ 1915(d)–(e) (2026).

**IT IS SO ORDERED.**

Dated this 30th day of September, 2026.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge